# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| LEONARD CARMEN RACKLEY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. CIV-14-721-HE |
| JERRY CHRISMON, Warden, | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

**I.   Background.**

Leonard Rackley (Petitioner), a state prisoner appearing pro se, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for Attempted Grand Larceny in the District Court of Custer County, Case No. CF-2006-175. Doc. 1.[1]

United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for preliminary review. Doc. 10. The undersigned promptly examined the petition, along with its supporting brief, and ordered a response. Docs. 1, 2, 11. Respondent filed a motion to dismiss with supporting brief. Docs. 13, 14. Petitioner responded. Doc. 17. After careful review, the undersigned recommends that Petitioner's action be

---

[1] Document citations reflect this Court's CM/ECF (Electronic Case Files) designation. Page citations are in sequential order.

construed as a second or successive federal habeas challenge to the validity of his Attempted Grand Larceny conviction. Because Petitioner has not shown that he has obtained authorization from the Tenth Circuit Court of Appeals to file a second or successive habeas corpus application under 28 U.S.C. § 2254, this Court lacks the jurisdiction to consider it. The undersigned recommends dismissal of the application rather than its transfer to the Tenth Circuit.

## II. Analysis.

Respondent advises that Petitioner, though he denies having done so, *see* Doc. 1, at 7, has already sought habeas corpus relief under 28 U.S.C. § 2254 with respect to his Attempted Grand Larceny conviction and sentence. Doc. 14, at 1-2. Petitioner "does not agree" that a "prior habeas petition" "was ever filed in his behalf." Doc. 17, at 2. Petitioner is mistaken. *See Rackley v. Keith*, No. CIV-10-131-HE, Doc. 1 (W.D. Okla.). Judge Heaton dismissed Petitioner's first petition as time-barred. *Id.* at Docs. 17, 18. Petitioner did not appeal the judgment. *See Rackley*, CIV-10-131-HE.

Section 2244(b) of Title 28 limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 by providing that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application." 28 U.S.C. § 2244(b)(3)(A). This statutory requirement for prior authorization is jurisdictional. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

The dismissal of a previous habeas petition as untimely is a decision on the merits, and any subsequent habeas application challenging the same conviction is second or successive for purposes of § 2244(b). *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). Petitioner does not suggest that he received the requisite prior authorization from the Tenth Circuit before filing his petition in this Court.

Under Tenth Circuit law, "[w]hen a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the court of appeals], the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Id.*

Respondent maintains that the interest of justice does not require transfer of this time-barred action to the Tenth Circuit. Doc. 14, at 2-3. Petitioner, apart from erroneously representing that this is his first challenge to his Attempted Grand Larceny conviction and sentence, responds that at some point prior to November 26, 2013, after arriving at "the other prison in Cushion Oklahoma[,] he found out that he had been sentenced under the wrong Statute, and that his sentence was excess of that allowed under the proper Statute." Doc. 17, at 2. He claims to have learned that he "was charged and found guilty for Attempted Grand Larceny but sentenced under Grand Larceny Statutes." *Id.* Petitioner maintains that he is "actual, factually innocent of the Crime of 'Grand Larceny' A.F.C.F." *Id.* at 3.

Petitioner's claim is not one of factual innocence of Attempted Grand Larceny but, instead, is a claim of legal error. He admits that "he did Attempt to steal something, and that was what he was found guilty of doing," but complains that "he should have been sentenced accordingly . . . ." *Id.* This claim arose no later than at the time of sentencing on April 30, 2007 and is time-barred. Doc. 1, Att.1, at 1. It is not in the interest of justice to transfer this matter to the Tenth Circuit. *See Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum . . . .").

4

## V. Recommendation and notice of right to object.

The undersigned recommends that Petitioner's action, Doc. 1, be construed as a second or successive 28 U.S.C. § 2254 application and dismissed for lack of jurisdiction due to Petitioner's failure to obtain an order in accordance with 28 U.S.C. § 2244(b)(3)(A), authorizing the district court to consider his second or successive application for a writ of habeas corpus.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 14, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 24th day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE